Igor Litvak, Esq.
Attorney for Defendant
NY Bar No. 5109749
The Litvak Law Firm, PLLC
1733 Sheepshead Bay Road Suite 22
Brooklyn, NY 11235
Phone: 718-989-2908
Fax: 718-989-2908
Email: igorblitvak@gmail.com

**UNITED STATES DISTRICT COURT FOR THE**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff*, vs. KIRILL VICTOROVICH FIRSOV, *Defendant*. | Case No.:   20-MJ-1029 |

**DEFENDANT'S MOTION FOR HOME DETENTION PENDING TRIAL**

COMES NOW, KIRILL VICTOROVICH FIRSOV (hereinafter, "Mr. Firsov" or "the Defendant"), by and through his undersigned counsel, and pursuant to 18 USC §§ 3142 and 3145(b), moves this Honorable Court for an order releasing Defendant's on home detention.

**I.    BRIEF PROCEDURAL HISTORY AND STATEMENT OF FACTS**

Defendant was arrested on March 7th, 2020 at the New York JFK international airport upon arrival from Russian Federation for the purpose of vacationing in the United States. Mr. Firsov was charged in a two-count felony complaint (violation of 18 U.S.C. §1029(a) (6)(A) (Access Device Fraud) and 18 U.S.C. §§ 2, 1028(a)(8) and (b) (l)(A)(i)(Aid and Abet Trafficking in False Authentication Features). Mr. Firsov's initial appearance pursuant to Rule 5(c)(3) was held in U.S. District Court for the Eastern District of New York on March 9th, 2020 and on March 10, 2020 Mr. Firsov was ordered transferred to the Southern District of California for

prosecution. See Exhibit A, Exhibit B. Shortly thereafter, Mr. Firsov was transferred to San Diego for arraignment and prosecution. His initial arraignment was adjourned due to Covid-19 outbreak and is currently scheduled for May 15, 2020. After negotiating with the government defense waived prosecution by indictment resulting in the government's decision to prosecute Defendant only on one account, to wit, 18 U.S.C. §§ 1029(a)(6)(A)(Access Device Fraud). See Exhibit C. While the government has not filed the information yet because the arraignment was adjourned, the undersigned received a copy of the information from the government. The statutory maximum for Defendant's offenses is 10 years' imprisonment. While defense counsel conferred in good faith with the Government regarding home detention for Mr. Firsov, the Government does not consent.

In 2010 Kirill Firsov was diagnosed with Bronchial Asthma in Russia. He still suffers from the disease. According to Declaration of Anna Mikhailovna Primerova, M.D[1]

> 9. On March 29, 2010 Mr. Firsov was diagnosed with Bronchial Asthma.
>
> 10. On March 15, 2010 Mr. Firsov was hospitalized with symptoms of suffocating cough and pain behind the sternum. After the tests and additional examinations bronchial asthma.
>
> 12. In this regard, during the current pandemic or the highly contagious Novel COVID 19 virus, patients with major pulmonary diseases, such as Bronchial asthma, are at much higher risk of suffering acute symptoms from the virus. Should Mr. Firsov be infected with the COVID-19 virus, a combination of these health issues would place him in a life-threatening situation.
>
> 13. With a reasonable degree of medical certainty, I certify that Mr. Firsov health conditions make him particularly vulnerable of developing acute symptoms from the virus, including death. His medical conditions mandate that he should be released from MCC San Diego jail pending disposition of his criminal matter.

Exhibit F.

---

[1] See Exhibit D and Exhibit E for Dr. Anna Mikhailovna Primerova Medical credentials.

## ARGUMENT

## THE ORDER OF DETENTION SHOULD BE REVOKED AND MR. FIRSOV SHOULD BE RELEASED PENDING TRIAL

On March 11, 2020, the World Health Organization declared that the rapidly spreading outbreak of COVID-19, a respiratory illness caused by a novel coronavirus, is a pandemic, announcing that the virus is both highly contagious and deadly. See Exhibit G. To date, the virus is known to spread from person-to-person through respiratory droplets, close personal contact, and from contact with contaminated surfaces and objects. See Exhibit H. As of April 23rd, 2020, there are 566 federal inmates and 342 BOP staff who have confirmed positive test results for COVID-19 nationwide. Currently, 248 inmates and 52 staff have recovered. There have been 24 federal inmate deaths. See Exhibit I

Defendant is detained in MCC San Diego. Upon information and belief, "at meals and in TV rooms at the MCC, people sit side by side, with up to eight people at a table. Inmates at MCC report sick detainees coughing for days, with some spitting blood into open trash cans, and one man who had to be carried to the bathroom by fellow detainees." See Exhibit J. A recent ACLU report based on epidemiological study predicts nearly 100,000 more death due to Covid19 than current estimates if jail population is not reduced. See Exhibit K.

The circumstances presented here are extraordinary and compelling to justify the immediate release from pretrial detention of Mr. Firsov as he is particularly vulnerable to the virus due to his Bronchial Asthma. As one Court noted, "[t]he COVID-19 pandemic is extraordinary and unprecedented in modern times in this nation. It presents a clear and present danger to free society for reasons that need no elaboration. COVID-19 presents a heightened risk for incarcerated defendants like Mr. Hernandez with respiratory ailments such as asthma." United States v. Hernandez, 2020 U.S. Dist. LEXIS 58739, at 6-10 (SDNY Apr. 1, 2020).

For these reasons, in the past several weeks, numerous courts have ordered release from custody of inmates held in pretrial or presentencing custody. See, e.g., United States v. Chandler, 2020 U.S. Dist. LEXIS 56240, 2020 WL 1528120, at 1-3 (SDNY Mar. 31, 2020) (granting bail application, pursuant to 18 U.S.C. § 3142(i), of defendant charged with being a felon in possession of a firearm); United States v. McKenzie, No. 18 Cr. 834 (PAE), 2020 U.S. Dist. LEXIS 55503, 2020 WL 1503669, at 2-3 (SDNY. Mar. 30, 2020) (granting bond pending sentencing, pursuant to 18 U.S.C. § 3145(c), to defendant who had pleaded guilty to single count of assault with a deadly weapon and had previously been released on bond); United States v. Hernandez, 2020 U.S. Dist. LEXIS 56506, 2020 WL 1503106, at 1 (SDNY Mar. 30, 2020) (granting bail application, pursuant to § 3142(i), of 64-year-old defendant with asthma and high blood pressure that placed him "at a substantially heightened risk of dangerous complications should he contract COVID-19"); United States v. Witter, No. 19 Cr. 568 (SHS), Dkt. 40 at 2-3 (SDNY Mar. 26, 2020) (granting bond pending sentencing, pursuant to § 3145(c), to defendant who had pleaded to a narcotics offense); United States v. Perez, 2020 U.S. Dist. LEXIS 47515, 2020 WL 1329225, at 1 (SDNY Mar. 19, 2020) (granting bail application, pursuant to § 3142(i), of 65-year-old defendant with COPD, in light of "unique confluence of serious health issues and other risk factors facing this defendant, . . . which place him at a substantially heightened risk of dangerous complications should [he] contract COVID-19"); cf. United States v. Stephens, 2020 U.S. Dist. LEXIS 47846, 2020 WL 1295155 (AJN), at 3 (SDNY Mar. 19, 2020) (granting defendant's request for reconsideration of bail conditions and releasing him to home confinement).

The Bail Reform Act requires the release of persons facing trial under the least restrictive conditions that will reasonably assure the appearance of that person at trial. 18 U.S.C. 3142(c)(2). See also United States v. Gebro, 948 F. 2d 1118 (9th Cir. 1991); United States v.

Motamedi, 767 F.2d 1403, 1405 (9th Cir. 1985). The Bail Reform Act requires release of a defendant prior to trial unless a judicial officer determines that no conditions or combination of conditions exist which will "reasonably assure the appearance of the person." 18 U.S.C. § 3142(c). Any doubt regarding the propriety of release should be resolved in favor of a defendant. Herzog v. United States, 75 S. Ct. 349, 351 (1955). Pretrial release should be denied only for the strongest of reasons where there are no conditions or combination of conditions that can assure the appearance of the defendant and mitigate any risk of danger to the community.

     Here, Mr. Firsov does not pose a risk of flight nor danger to the community. Currently, all international borders are sealed, and all international flights are canceled. Defendant has no criminal history and voluntarily arrived in the United States for vacation. He is charged with a white-color offense. He does not have any friends and acquaintances in the United States who can even theoretically assist him with departing from the country. He is willing to surrender his Russian passport and to be subject to 24 hour-home detention with electronic monitoring.

     WHEREFORE, due to his vulnerability to Covid-19 virus and because Mr. Firsov does not pose a risk of flight nor danger to the community and because there are conditions or a combination of conditions that would assuage any concerns this Court may have, Mr. Firsov should be released on conditions pursuant to 18 U.S.C. § 3142(c) pending trial.

DATED this 22nd day of April 2020.

                                            /s/ Igor Litvak, Esq.
                                            Attorney for Defendant
                                            NY Bar No. 5109749
                                            The Litvak Law Firm, PLLC
                                            1733 Sheepshead Bay Road Suite 22
                                            Brooklyn, NY 11235
                                            Email: igorblitvak@gmail.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on 24th day of April 2020 I electronically filed the foregoing Defendant's motion for pretrial home detention using the CM/ECF system. I certify that all parties to the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

                                                            _/s/ Igor Litvak_
                                                           Igor Litvak, Esq.