FILED

Apr 28 2020

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY    s/ trinal    DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>KIRILL VICTOROVICH FIRSOV,<br><br>Defendant. | Case No.:  3:20-mj-1029-AHG<br><br>**ORDER DENYING MOTION FOR HOME DETENTION PENDING TRIAL**<br><br>**[ECF No. 26]** |

Before the Court is Defendant's Motion for Home Detention Pending Trial. ECF No. 26. The Government opposes the Motion. ECF No. 28. The Court held a hearing on the Motion on April 28, 2020. Defendant waived his appearance at the hearing.

**I.  Background**

Defendant was arrested on March 7, 2020, at JFK airport in in New York based on an arrest warrant issued out of this District. Defendant had his initial appearance in the Eastern District of New York before Judge Peggy Kuo. Although there was some debate as to whether Defendant had a detention hearing before Judge Kuo, it appears that the parties now agree that a detention hearing occurred and Defendant was ordered detained based on serious risk of flight. The Court will therefore construe the instant motion as a request for reconsideration of detention under 18 U.S.C. § 3145(b) or, alternatively, a request for temporary release from custody under 18 U.S.C. § 3142(i).

Defendant is charged with violating 18 U.S.C. §§ 1029(a)(6)(A), 11029(c)(1)(a)(i), 1028(a)(8), and 1028(b)(1)(A)(i). The Probable Cause Statement accompanying the Complaint alleges that Defendant is a Russian cyber hacker and the administrator of the DEER.IO cyber platform. It is further alleged that DEER.IO is used to sell hacked personal identification information and services to facilitate the unlawful sale of hacked information.

## II. Summary of Positions

Defendant argues that he should be released because he is particularly susceptible to COVID-19. Defendant has submitted a declaration from Dr. Anna Mikhailovna Primerova, a doctor licensed to practice in the Russian Federation, in support of his motion. Although it is not clear that Dr. Primerova has treated Defendant or has personal knowledge of his medical history, she states in her declaration that he was diagnosed with bronchial asthma in 2010 and hospitalized due to his symptoms. Defendant was treated with a course of prednizoloni. Defendant argues that the Court could release Defendant on a $250,000 personal appearance bond secured by his own signature, and that a combination of home detention and location monitoring could mitigate any risk of flight.

The Government counters that Defendant presents a serious risk of flight because he is a Russian citizen with no ties to the United States and substantial ties to Russia. The Government notes that Defendant faces a statutory maximum penalty of ten years, and he has admitted that he is the administrator of the DEER.IO platform. The Government posits that home detention with locating monitoring would not mitigate the risk of flight in this case, because Defendant could travel readily across the border to Mexico and seek assistance from the Russian embassy there to return to Russia. The Government also contends that the fact of the COVID-19 pandemic and Defendant's asthma diagnosis do not support reconsideration of the detention order, particularly given that Defendant does not take medication for asthma, and the facility where Defendant is housed has taken precautions to prevent the spread of COVID-19.

### III. Analysis

As an initial matter, the Court recognizes that the COVID-19 pandemic presents significant public health concerns. COVID-19 does not, however, change the nature of the individualized analysis that the Court must conduct under the Bail Reform Act. *See United States v. Villegas,* No. 2:19-cr-568-AB, 2020 WL 1649520, at *2 (C.D. Cal. Apr. 3, 2020) ("No matter the heightened risks intrinsic to prison populations as a matter of public health, the Court has no authority as a matter of law to permit pretrial release under the Bail Reform Act just because of the current pandemic's generic risks.).

Because the Court does not have the benefit of a written detention order from Judge Kuo, it cannot determine which factors under 18 U.S.C. § 3142(g) Judge Kuo relied on in ordering Defendant to be detained. The Court has undertaken an independent analysis and finds that the following factors demonstrate by a preponderance of the evidence that there is a serious risk that Defendant would flee if released pending trial, and that no condition or combination of conditions of release would reasonably assure Defendant's appearance as required. Defendant is subject to a lengthy period of incarceration if convicted, facing a maximum penalty of ten years. Defendant has no community or family ties in the Southern District or in the United States. Defendant has significant family ties to a foreign country, Russia. Defendant lacks stable employment and a stable residence. Finally, although it is the least important factor, the Court finds that the weight of evidence against Defendant is strong, given his admission to being the administrator of the DEER.IO platform. The Court therefore finds that there is no information that would justify reconsidering Judge Kuo's original order of detention under section 3145(b).

With respect to the request for temporary release under 18 U.S.C. § 3142(i), that provision allows for temporary release from custody if "necessary for preparation of the person's defense or for another compelling reason." 18 U.S.C. § 3142(i). Defendant's argument that he should be temporarily released under § 3142(i) is based on his diagnosis of bronchial asthma and hospitalization for that condition ten years ago. The Government notes that Defendant did not disclose asthma as a medical condition when he was taken

into custody, and does not take any medication for asthma as a chronic condition. The Government also points out that the Bureau of Prisons, which manages the Metropolitan Correctional Center where Defendant is housed, has taken significant precautions to limit the spread of COVID-19. The Court finds that Defendant's asthma diagnosis does not present a compelling reason under section 3142(i) for temporary release, particularly given the serious risk of flight that Defendant presents.

The Court therefore **DENIES** Defendant's Motion for Home Detention Pending Trial.

**IT IS SO ORDERED.**

Dated:  April 28, 2020

_____
Honorable Allison H. Goddard
United States Magistrate Judge